Filed 6/18/26  P. v. Guzman CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B345079 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA035024) |
| v. | |
| MICHAEL ROBERT GUZMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Robert Derham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Michael Guzman appeals the trial court's denial of his petition for vacatur of his murder convictions and resentencing pursuant to Penal Code[1] section 1172.6 based on the trial court's finding that Guzman was ineligible for relief as a matter of law.

On appeal, this court appointed counsel to represent Guzman. After examining the record, Guzman's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We invited Guzman to submit a supplemental brief.

Guzman submitted a five-page handwritten letter brief in response. We limit our consideration to the issues raised in the brief. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232 [where a defendant's attorney finds no arguable issues in an appeal from the denial of a resentencing petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the question of whether to conduct an independent review of the entire record is "wholly within the court's discretion"].) We affirm the trial court's judgment.

## PROCEEDINGS

In 1997, the jury found Guzman guilty of three counts of first degree murder (§§ 664, 187, subd. (a), counts 3, 4 & 5), and found true lying in wait and multiple murder special

---

[1] All further statutory references are to the Penal Code.

circumstance allegations.[2] (§ 190.2, subds. (a)(3) and (a)(15).)  The jury found true the allegations that the murders were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and that a principal was armed with a firearm (§ 12022, subd. (a)(1)).  The jury found not true the allegations that Guzman personally used a firearm in the commission of the murders. (§ 12022.5, subd. (a)(1).)

The trial court sentenced Guzman to three consecutive sentences of life without the possibility of parole, plus determinate terms for the remaining crimes and enhancements.

On appeal, another panel of this court vacated four three-year enhancements on counts 2, 3, 4, and 5, and ordered the trial court to amend the abstract of judgment to reflect a minimum parole date of 15 years pursuant to section 186.22, subd. (b)(4), stayed pending completion of the three life without parole sentences.  The appellate panel otherwise affirmed the judgment.

In 2024, Guzman petitioned for resentencing pursuant to section 1172.6.  The trial court appointed counsel.

The People filed a response opposing the petition arguing that the jury was not instructed on any theory of imputed malice or on felony murder. The trial court instructed the jury on liability for murder as a co-conspirator, but the target offense was murder.  The court gave modified instructions on malice murder to remove all definitions other than express malice and intent to kill, and instructed on deliberate, willful, premeditated murder

---

[2] The jury found Guzman not guilty of murder in count 2. It found Guzman guilty of discharge of a firearm with gross negligence (§ 246.3, count 1), and two counts of assault with a firearm (§ 245, subd. (a)(2), counts 6 & 7), with associated allegations.

and direct aiding and abetting. The special circumstances instruction required the jury to find an aider and abettor or co-conspirator acted with intent to kill before it could find true the special circumstances. The People attached the prior appellate opinion, the court's instructions to the jury, the verdicts, and counsels' closing arguments.

Appointed counsel filed a reply arguing that Guzman was entitled to an evidentiary hearing because he was prosecuted prior to the passage of Assembly Bill No. 333 (2021–2022 Reg. Sess.) and the gang evidence was not bifurcated from the prosecution of the underlying crimes. The evidence used by the People to prove the elements of the gang enhancement allowed the jury to impute malice to Guzman. The reply emphasized that the jury found not true the allegations that Guzman personally used a firearm in the commission of the murders.

The trial court held a hearing and denied the petition based on its finding that Guzman failed to present a prima facie case for relief. The court found that the jury was not instructed on a theory of murder that imputed malice to him. The special circumstances instructions required the jury to find premeditation and deliberation. The jury could not find the special circumstances true if it did not find that Guzman acted with intent to kill and aided, abetted, counseled, commanded, induced, solicited, requested or assisted any actor in the commission of murder in the first degree.

Guzman timely appealed.

4

## DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) "Except as stated in subdivision (e) of Section 189, [which describes felony murder,] in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) "In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill [No.] 1437 added section 1170.95 [(now § 1172.6)], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 959.)

In his supplemental brief, Guzman contends that this court must reverse the trial court's order denying his section 1172.6 petition because the jury improperly based its finding that he intended to kill on imputed malice through " 'Gang Cultural theory.' " Guzman argues that the prosecution had insufficient evidence of his mental state and relied instead upon generalized evidence of social affiliation to prove intent to kill. However, Guzman does not support this contention with evidence in the record in the form of instructions that would allow the jury to impute malice to him, or in the form of closing arguments made

5

by the prosecutor to the jury that the gang evidence could serve as a proxy for finding Guzman had an intent to kill. The admission of gang evidence under these circumstances did not invite or permit the jury to impute malice to Guzman. (See *People v. Burgos* (2024) 16 Cal.5th 1, 23 [gang evidence may be admissible at a bifurcated trial on the underlying charge].)

Guzman next contends that, although the special circumstance findings required the jury to find intent to kill, the jury's not true finding on the allegation that he personally used a firearm in the commission of the murders demonstrates that it found him guilty under a theory of vicarious liability that imputed malice to him—specifically direct aiding and abetting or murder as a result of conspiracy to murder.

Guzman misapprehends the nature of direct aiding and abetting and liability for murder as a co-conspirator in a conspiracy to murder. Neither theory permits a finding of guilt solely on the basis of another's intent. Our Supreme Court has explained that "[b]ecause aiders and abettors may be criminally liable for acts not their own, cases have described their liability as 'vicarious.'" (*People v. McCoy* (2001) 25 Cal.4th 1111, 1116–1117.) "But . . . the aider and abettor's guilt for the intended crime is not entirely vicarious. Rather, that guilt is based on a combination of the direct perpetrator's acts and the aider and abettor's own acts and own mental state." (*Id.* at p. 1117, italics omitted.) Likewise, a co-conspirator to a conspiracy to murder must intend to agree to kill and intend to aid in the killing. (*People v. Curiel* (2023) 15 Cal.5th 433, 441.) Neither theory of murder liability has been abrogated by the amendments Senate Bill No. 1437 made to sections 188 and 189. Direct aiding and abetting of murder is still a viable theory of liability (*People v.*

6

*Glukhoy* (2022) 77 Cal.App.5th 576, 591), as is murder as a result of conspiracy when the target crime is murder (*People v. Medrano* (2021) 68 Cal.App.5th 177, 179).

Finally, Guzman requests that this court stay his appeal and remand to the trial court to permit him to pursue discovery and an evidentiary hearing pursuant to the Racial Justice Act (RJA) and recently enacted Assembly Bill No. 1071 (2025–2026 Reg. Sess.).  "Section 745 provides three vehicles by which a defendant may raise an RJA claim.  The defendant may raise an RJA claim by motion (§ 745, subd. (b); see also, e.g., *id.*, subd. (c) [laying out procedure for litigating a motion 'filed in the trial court']); may raise an RJA claim on direct appeal from the conviction or sentence, provided the claim is based on the trial record (*id.*, subd. (b)); or may raise an RJA claim in a petition for writ of habeas corpus (*ibid.*; see § 1473(e))."  (*People v. Wilson* (2024) 16 Cal.5th 874, 948.)  Section 745, subdivision (b) also permits a defendant on direct appeal to move to stay the appeal and request remand to the superior court to file an RJA motion.  The statute does not permit a defendant whose conviction is final to move for a stay and remand when appealing from a denial of a resentencing petition, however.  Accordingly, we deny Guzman's request for stay and remand.

## DISPOSITION

The superior court's order denying Guzman's Penal Code section 1172.6 petition for resentencing is affirmed.

NOT TO BE PUBLISHED.

MOOR, J.

WE CONCUR:

HOFFSTADT, P. J.

BAKER, J.